No. 20,623.

WILLIAM E. SAUVAIN, *Appellee and Appellant,* v. A. C. BATTELLE, *Appellant and Appellee.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Evidence—Findings.* The evidence examined and held to support the findings.

2. SAME—*Incapacity—Conclusion of Law.* On the theory of total incapacity as found, the conclusion of law as to the sum allowed was correct.

3. COMPENSATION ACT—*Basis of Plaintiff's Recovery.* The cause was tried by the court, and the findings are convincing that the judgment rested on the theory of total incapacity. *Held,* that an expression in one of the findings indicating partial incapacity only does not, in the situation presented by the record, work such inconsistency as to require reversal.

4. SAME—*Injured Workman—Obtaining More Remunerative Work.* Rule followed that a workman partially or totally incapacitated is not to be denied compensation on account of obtaining work even more remunerative which he has the physical ability to do.

Sauvain v. Battelle.

Appeal from Franklin district court; CHARLES A. SMART, · judge. Opinion filed May 12, 1917. Affirmed.

*Fred M. Harris,* of Ottawa, *Adrian F. Sherman,* of Topeka, and *Thad B. Landon,* of Kansas City, Mo., for the appellant.

*H. M. Funston,* of Ottawa, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff while working for the defendant in his car works, engaged in rebuilding and repairing cars, fell from a scaffold and hurt his back. He sued for compensation and recovered $281, being $312 for 52 weeks at $6 a week, less credit for payments, $30.96. The defendant appeals, reciting eleven specifications of error, only five of which are presented in the brief and only two of which have any merit. These have reference to the testimony in support of the findings and to the allowance made.

The evidence shows clearly enough that the plaintiff received a severe wrench to his back, and the proof was abundantly sufficient to justify the court in finding, as it did, that it would be at least a year from the time he was injured before he could do hard work. Because some physicians, in addition to certain X-ray examinations, went through with mechanical series of tests and found good responses, and failed to find enough traumatic signs on the outside of the back to convince them of material injury to the inside, it is argued that his injury was imaginery; but the testimony of the plaintiff, three fellow workmen, the foreman of the car works, three physicians and others convinced the trial court and convinces us that he was not feigning pain or inventing proof.

Some time after the injury he secured employment as foreman of a section gang, his duties being that of boss and requiring no manual labor or much physical exertion. This was a job of uncertain duration, although, while it lasted it was more remunerative than the work in which he got hurt.

When injured, he was earning $10.50 a week. In the fourth finding, after referring to plaintiff's temporary employment as foreman, the court said:

"However, as above stated, he can perform such work, although he can not do a full day's work at hard labor on account of his injuries, and

it will be at least a year from the time of his injuries before he can do hard work. In his efforts to do the work of a section foreman he has suffered physical pain."

Then follows the conclusion of law:

"The plaintiff is entitled to recover in this case from the defendant the sum of $281.00 and his costs, the above being the amount of compensation to which he would be entitled for one year. The court allows no interest and does not discount the future payments as the year will expire in about six weeks. The amount arrived at is as follows:

52 weeks at $6.00 ......................... $312.00
Credit by Cash .......................... 30.96
                                         _____
                                          $281.00

The statute, section 5905 of General Statutes of 1915, provides:

"Where total incapacity for work results from injury, periodical payments during such incapacity, commencing at the end of the second week, equal to fifty per cent of his average weekly earnings computed as provided in section 12 but in no case less than six dollars per week or more than fifteen dollars per week."

The section further prescribes that in case of partial incapacity the payments shall not be less than twenty-five or more than fifty per cent of the average weekly earnings, but in no case less than $3 a week.

At the time of his injury the plaintiff was engaged in hard manual labor. The court found that it would be at least a year before he could return to that kind of work, the meaning of which is that while he might be able to get employment involving no hard manual labor he would for at least a year be totally incapacitated from performing the kind of work he was doing when injured. Without attempting to estimate to what extent his partial incapacity might go beyond a year the trial court let the matter end with the expiration of that time, and relieved the defendant from any further liability, and denied the plaintiff any further compensation.

The trouble with this result arises from a statement in finding No. 2, which reads:

"The plaintiff was employed by the defendant to work at his car works on the first Monday of June, 1914, and was injured in the line of his employment on January 18, 1915. He was but partially disabled from performing manual labor. He was confined to his room for three weeks, a part of the time in bed."

Plaintiff's counsel say in their brief that this expression means that the plaintiff was not totally disabled for the entire period fixed by the statute—eight years. One physician testifying for the defendant said:

"Prognosis as to injured backs is a pretty subject. He may have a stiff back five years, and he may have one for twenty."

The findings must be reconciled if possible, and it is plain from the entire journal entry that the court believed and allowed for total incapacity for one year, and awarded him compensation on that basis. It is quite apparent that he did not regard him as merely partially incapacitated for that length of time, although it may well have been believed that such partial incapacity might cover considerable time after the expiration of the year. Section 5906 provides that in case of partial incapacity the payments shall equal as nearly as possible fifty per cent of the difference between the average earnings before the accident and the average amount which the workman is most probably able to earn in some suitable employment or business after the accident, subject to certain limitations. It will be observed that the court found that the plaintiff had been employed as foreman at a salary of $60 a month, which was considerably more than his former earnings, but that there was nothing found as to the length of time he might be employed, hence the court did not make, and does not appear to have been requested to make, any finding as to the probable earnings in some other suitable business or employment, and had he done so and taken the temporary earnings as foreman as a basis he could not have allowed the plaintiff anything. The facts that an allowance was made for total incapacity, and an express finding of total incapacity for a year was made, lead to the conclusion that the expression in finding No. 2 could not have been intended as contradictory to finding No. 4.

It is settled that when one is totally or partially incapacitated for hard manual labor he is not to be denied compensation because he obtains employment, even at better wages, at a task which he is physically able to perform. (*Gailey v. Manufacturing Co.*, 98 Kan. 53, 157 Pac. 431; *Dennis v. Cafferty*, 99 Kan. 810, 163 Pac. 461.)

The judgment is affirmed.