## WOODCOCK v. DODGE BROTHERS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—IN-ABILITY TO FOLLOW FORMER EMPLOYMENT.

   The fact that an injured employee has received more wages since his injury than he was receiving at that time would not preclude him from recovering compensation under the workmen's compensation act if it were established that he had since been unable, by reason of his injury, to follow the particular employment he was engaged in when injured.

2. SAME—BURDEN OF PROOF.

   The burden is upon plaintiff to show that he is unable, by reason of his injury, to work in the employment in which he was engaged at the time of his injury.

3. SAME—INABILITY TO FOLLOW FORMER EMPLOYMENT—FAILURE OF PROOF.

   Where it appears that an injured employee has been earning more wages since his injury than he was receiving at that time, and he has failed to establish the fact that he is unable to work in his former employment by reason of said injury, that part of the order of the board awarding him compensation therefor is set aside.

4. SAME—FUTURE COMPENSATION—SUBJECT TO PROOF.

   That part of the order of the board ordering that in case plaintiff's injured finger should be amputated he shall become entitled to compensation as provided in the workmen's compensation act, is allowed to stand subject to proof of such amputation and that it was traceable to the injury in question.

Certiorari to Industrial Accident Board. Submitted January 13, 1921. (Docket No. 42.) Decided March 30, 1921.

William F. Woodcock presented his claim for compensation against Dodge Brothers for injuries re-

As to consideration of possible earnings of injured employee in other employments, in fixing compensation under compensation acts, see note in L. R. A. 1916A, 377.

ceived in defendant's employ.  From an order award-
ing compensation, defendant brings certiorari.  Re-
versed, and order vacated in part.

 *Kerr & Lacey,* for appellant.

BIRD, J.  Plaintiff was an employee of defendant in
its automobile factory.  His work was stitching cush-
ions.  Along about the 6th day of April, 1919, a gath-
ering appeared on the third finger of his right hand.
He called the attention of the medical department to it.
It was treated, but continued to grow worse and he
was sent to Harper hospital where he remained for 9
days.  After being absent from his work 16 days he
returned to defendant's factory and was put to work
in the same department which he had left.  He was
paid for one day's work and receipted for the same.
He continued to work for defendant until June, but
did no more stitching.  After this he attended an au-
tomobile school at the Y. M. C. A. for two months and
afterwards worked for various manufacturers.

On January 26, 1920, plaintiff filed a petition with
the industrial accident board setting up the fact of his
former employment by defendant and the further fact
of the injury to his finger, stated it had become perma-
nently stiff and useless, and prayed that the commis-
sion would reopen the case and allow him such sum as
he was entitled to under the compensation law.

This petition was acted upon favorably by the in-
dustrial accident board, and later testimony was taken
thereunder.  After the showing was concluded the
board made the following order:

"It is ordered and adjudged that said petition should
be, and the same is hereby granted, and said applicant
is entitled to receive and recover compensation from
respondent at the rate of one-half the difference be-
tween the average weekly wages he was earning at the
time of the accident and the average weekly wages he

is able to earn thereafter in the employment in which he was engaged when injured, in accordance with the terms of the compensation act.

"It is further ordered that should applicant's finger be amputated he shall become entitled to compensation as provided in the workmen's compensation act."

This order is assailed by appellant because the wages which plaintiff has received since the injury have been as large, and most of the time larger, than he was receiving at the date of injury, and because there is no showing that he is unable to follow the employment in which he was engaged when injured.

Upon the first proposition the testimony discloses that plaintiff's income when he returned to his work was the same as it was when he left, namely, $47\frac{1}{2}$ cents an hour. His wages at the Ford factory were 75 cents an hour, and at the Disco Starter Company, where he was employed when his testimony was taken, was at the rate of 55 cents, or $7\frac{1}{2}$ cents an hour in excess of what he received at defendant's. Of course, the fact that he received more wages since the injury would not preclude him from getting additional compensation if it were also shown that he had since been unable, by reason of his injury, to follow the particular employment he was engaged in when injured. *Foley* v. *Railway*, 190 Mich. 507; *Jameson* v. *Newhall Co.*, 200 Mich. 514; *Miller* v. *Fair & Sons*, 206 Mich. 360.

This fact the plaintiff failed to show. We have examined the testimony with care to find something bearing upon this phase of the case. No brief for plaintiff has been filed. The burden of establishing the fact that he was unable to work in the employment in which he was engaged since his injury was upon plaintiff, but he has failed to meet it. The defendant introduced some testimony on the subject. Dr. Dresshler, who had examined plaintiff recently, gave it as his opinion that the condition of plaintiff's hand would not prevent him from resuming his former

employment.   By reason of this failure upon the part of plaintiff, that part of the board's order giving to plaintiff "one-half the difference between the average weekly wages he was earning at the time of the accident and the average weekly wages he is able to earn thereafter in the employment in which he was engaged when injured" is without force and must be set aside. The remaining part of the order may stand, but, of course, if the finger should be amputated it would require proof of the fact, and also that it was traceable to the injury in question.   Neither party will recover costs.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.