No. 28,374.

J. I. QUILLEN, *Appellee*, v. THE WICHITA GAS COMPANY, *Appellant*.

(275 Pac. 1075.)

Opinion filed April 6, 1929.

*H. A. Russell*, of Topeka, and *Robert D. Garver*, of Kansas City, Mo., for the appellant.

*C. A. Matson, I. H. Stearns, E. P. Villepigue* and *Jesse D. Wall*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for workmen's compensation under R. S. 44-501 *et seq.* The only contested question in the case is the extent of plaintiff's injury. He sustained an accident in which his hand was cut in such a way as to injure the thumb. The jury found a total disability for a period of four weeks and three days, and as to that there is no serious controversy. Plaintiff contended there was a permanent partial disability, while defendant contended that there was no partial disability compensable under the statute. On the evidence the jury found that there was a partial disability, but that the same was temporary in character and would exist for four years. Compensation was allowed accordingly. The defendant has appealed.

Appellant contends that the evidence did not justify any award for the reason that it disclosed that plaintiff, notwithstanding the condition of his hand and thumb, was able to do his work as well, and did in fact receive the same pay, as before the injury, and it is argued that under the compensation act an injury which is so slight as not to interfere with earning capacity is not compensable, citing *Zwaduk v. Morris & Co.*, 109 Kan. 186, 197 Pac. 868, and allied cases. But it has been held that the amount a workman received as wages is not necessarily an accurate test of his earning capacity.

(*Hood v. Transit Co.*, 106 Kan. 76, 186 Pac. 977.) There was evidence in this case tending to show that after the injury plaintiff was able to perform labor of the character which he had previously performed only with the aid of specially designed tools, or by pain and inconvenience, or the aid of his fellow workmen. Under such circumstances it has been repeatedly held that the fact that the workman received as much wages for his labor after his injury as before does not bar his right to compensation (*Raffaghelle v. Russell*, 103 Kan. 849, 176 Pac. 640; *Trowbridge v. Wilson & Co.*, 102 Kan. 521, 170 Pac. 816); hence this point raised by appellant is not well taken.

It is argued that the evidence did not justify the jury in finding partial disability for a period of four years. On this point there was medical evidence to the effect that the partial disability would be permanent. Had the jury followed that evidence alone it would have awarded partial disability for a term of eight years. There was other medical evidence to the effect that the partial disability would last for a few months only, or not to exceed a year. Had the jury followed that evidence alone it would have found the partial disability accordingly. It is quite clear the jury considered all the evidence—that of the medical witnesses, also the evidence of plaintiff and of the other witnesses—endeavored to harmonize the same as much as possible, and reached the conclusion as found. We see no serious objection to this.

Appellee has a cross appeal in which objection is made to specific instructions given by the court to the jury, but since he does not care to press that in the event the judgment of the court below is affirmed, we pass it without further consideration.

The record discloses no serious error of which the appellant can complain, and the judgment of the court below is affirmed.