## CHARLESTON.

Charles Kincannon *v.* State Compensation Commissioner

(No. 6596)

Submitted September 1, 1929. Decided September 10, 1929.

534

*England & Ritchie,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

WOODS, PRESIDENT:

Charles Kincannon, who has received compensation on the basis of a fifty per cent. disability from the Workmen's Compensation Fund, appeals from the action of the Commissioner refusing to re-open his claim for additional compensation.

From the record before us, it would seem that the claimant is totally disabled; yet the two Commissioners who have had this case before them have consistently maintained that a further consideration of the claim was barred by reason of a certain writing, executed by claimant over two years ago, purporting to release and discharge the Workmen's Compensation Fund and the Commissioner from payment of any further or other sums, in consideration of a "lump sum" settlement on the $610.26 still due him at the time under the then existing award. Informal demands for a total permanent disability award having been repeatedly ignored for the above stated reason, the claimant, on July 9, 1929, filed a formal petition, which was also denied. It is from this action that the present appeal is taken.

The Attorney General, as attorney for the Commissioner, insists that any right of appeal that the claimant might have had has been barred by the statute of limitations provided for in the Act. See section 43, Chapter 15P, Code.

While technically claimant had a right of appeal from the finding of fifty per cent. permanent disability, and on the case then made would have had to have appealed within three months from the entry of such order, yet in the light of section 40, Chapter 15P, Code, failure to appeal from that finding did not preclude him from subsequently offering proof of total permanent disability, as the claim. was a continuing one and subject to be re-opened at any future time. This section was evidently inserted in the Act in order that neither claimant nor employee might be dealt with unjustly. When an employee is injured, the Commissioner collects the facts of such injury and determines the degree of disability caused by reason thereof, so far as is possible at the time. In many cases the degree of disability cannot be definitely ascertained for a long time. In such cases there is but one thing the Commissioner can do, and that is to make a finding of a certain disability and at the end of such period make an additional investigation, and if he finds such claimant is entitled to additional disability, an appropriate award is made. While the Legislature of 1929 placed certain restrictions on the Commissioner in regard to the time of making new awards, such restrictions do not apply here, as the Act evidences no intention on the part of the law makers to make it retroactive in its application. *Jenkins* v. *Heaberlin*, 107 W. Va. 287, 148 S. E. 117.

Under our holding in *Walker* v. *State Compensation Commissioner*, 107 W. Va. 531, 149 S. E. 604, decided contemporaneously herewith, that part of the writing wherein claimant attempted to release his right to show permanent disability at some future time, is void. So, if we discard that part of the agreement, we find no formal action upon the further proof tending to establish total permanent disability tendered after the entry of the fifty percent. disability award.

Prior to the "lump sum" settlement, the claimant had made repeated requests that he be paid in full for his injury in order that he might purchase a certain farm upon which his seven children could assist in keeping the family. From the price of the farm ($3,500.00), claimant undoubtedly was

536

expecting more than the "lump sum" received on the settlement. And that he expected a settlement, based on a total permanent disability, is borne out by the numerous letters to the Commissioner, beginning immediately after payment of the "lump sum", and continuing up to July 9, 1929, the time that he had an attorney file a formal petition for him asking that further action be taken in regard to his case. The claimant, knowing himself to be totally disabled, no doubt felt that the Commissioner was withholding further awards for some special reason, and, being unlettered, did not fully understand his rights in the premises. Since the statute was intended to be highly remedial in character, being in derogation of the common law, it has been the policy of this Court to liberally and broadly construe the same to effect its beneficient purpose. *McVey* v. *Telephone Co.*, 103 W. Va. 519; *Sole* v. *Kindelberger*, 91 W. Va. 603, 28 R. C. L. 755.

Under the circumstances, we are of opinion that claimant had a right to have his petition filed and the case re-opened. We therefore reverse the ruling of the Commissioner and remand the case with directions to re-open the claim for the purpose of determining from the evidence already, or to be subsequently brought, before him, the degree of claimant's injury, and his compensation therefor.

*Reversed.*