STEPHEN BONNER V. STATE COMPENSATION COMMISSIONER

(No. 6949)

Submitted January 21, 1931.    Decided January 27, 1931.

Alexander P. Gates, for relator.
Howard B. Lee, Attorney General, and R. Dennis Steed, Assistant Attorney General, for respondent.

HATCHER, JUDGE:

Petitioner's leg was injured on December 3, 1924, while employed by a subscriber to the Workmen's Compensation Fund. He was awarded compensation by the Compensation Commissioner for a period of 6-4/7 weeks and his case closed. He returned to his employment on January 26, 1925, and worked for about ten months, when he became incapacitated by an infection or swelling in the injured leg. He then commenced a correspondence with the commissioner, seeking a further allowance, which continued until in 1928. During this period he submitted to several examinations by physicians, at the instance of the Commissioner. He was informed on March 9, 1928, that the Commissioner was of opinion that he had no authority under the statute to reopen the case at that late day.

In August, 1930, the petitioner again sought to have his case reopened, but was refused. He now seeks here a mandamus to require the Commissioner to grant him a hearing.

Code 1923, chapter 15P, section 40, expressly confers on the Commissioner continuing jurisdiction over each case, with the power to make from time to time such modifications of former findings as may be justified. This jurisdiction is not impaired by the amendment of 1929, as to cases originating prior to the amendment. *Jenkins* v. *Commissioner*, 107 W. Va. 287. We have held that a supplemental claim must be supported by "an aggravated condition of the old injury not taken into account on the former finding, or a new claim growing out of the same." *Murasky* v. *Commissioner*, 109 W. Va. 218. Counsel for the Commissioner contends that the rejected petition does not show such a condition or claim. It is true that the petition does not so allege, by specific averment. But it does allege that petitioner's injuries received in 1924 were of a progressive and continuing nature and could not be determined either at the time of the accident or "within a certain period of time thereafter," and that after he resumed labor (in 1925) pieces of his hipbone began to work through the wound (received in 1924) and that this condition has continued *to the present time.* The present condition had not developed at the time of the award in 1924-5. The progressive nature of the injuries was not taken into account in 1928, as the Commissioner then rejected the claim on the theory that he no longer had jurisdiction over the case. We have held that the Workmen's Compensation Law is remedial and should be given a liberal construction. *McVey* v. *Telephone Co.*, 103 W. Va. 519. In order to do so, we must view with liberality the efforts of unfortunate workmen to obtain hearings. Their petitions will not be regarded with the strictness required of pleadings under the common law. We are accordingly of opinion that the petition of August, 1930, sufficiently alleges "an aggravated condition of the old injury" not theretofore taken into account by the commissioner and elicits a hearing. See *Kincannon* v. *Commissioner*, 107 W. Va. 533, 535. Therefore the writ will issue as prayed for.

*Writ issued.*