JAMES VANDALL v. STATE COMPENSATION COMMISSIONER

(No. 6966)

Submitted January 27, 1931.   Decided February 3, 1931.

(Rehearing denied April 3, 1931.)

*England & Ritchie,* for relator.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

HATCHER, JUDGE:

The petitioner was injured while employed by a subscriber to the workmen's compensation fund. The injury necessitated amputation of the four fingers and the palm of a hand. He was given an award of 32% disability by the State Compensation Commissioner. The petitioner claims he is entitled to an award of 50% disability and seeks, in this proceeding, a mandamus to require the commissioner to give him a hearing on the *quantum* of the award.

Section 31, chapter 68, Acts of 1925, which applies to the disability in this case, is as follows: "If the injury results in the total loss by severance of any of the members named in this paragraph, the percentage of disability will be determined in accordance with the following table * * * . The loss of four fingers shall be considered a thirty-two per centum disability. * * * The loss of hand shall be considered a 50 per centum disability." The commissioner takes the

position that as the thumb was not severed there is no "total loss by severance" of the hand, and therefore the petitioner is not entitled to the disability (50%) provided for a loss of the entire hand. He further points to the fact that the statute allows a disability of 20% for the loss of the thumb alone, which shows that the legislature placed a material value on the thumb. That value is of course based on the part the thumb plays in connection with the rest of the hand in gripping or holding objects. In this case the entire palm being severed, nothing remains of the hand for the thumb to approximate. The use of the hand as such, is lost as completely as if the thumb were also severed. Therefore under a broad and liberal construction of the statute, which we are obligated to make, we hold that the petitioner has suffered a total loss of his hand because of the severance of the palm and fingers. *Sole* v. *Kindelberger*, 91 W. Va. 603, 607; *McVey* v. *Tel. Co.*, 103 W. Va. 519.

The commissioner objects to this proceeding on the ground that the hearing sought does not go to "the basis of the claimant's right" as required by the amendment contained in Acts of 1929, chapter 71, section 43, but relates only to the sufficiency of the award, citing *Meeks* v. *Com'r.*, 108 W. Va. 68, and *Murasky* v. *Com'r.*, 109 W. Va. 218, 153 S. E. 509. This position is seemingly well taken. However the facts are not in dispute in this case, and the statute, not the commissioner, fixes the per centum of disability on those facts. The award of a statutory per centum of disability involves no discretion on the part of the commissioner, but is purely administrative. A further hearing on the merits is not requisite for that award. We see no useful purpose whatever in permitting a technicality to delay recovery by this unfortunate man. The exigencies of the case demand the issuance of a peremptory writ requiring compliance with the plain provision of the statute. 38 C. J., p. 931, sec. 711. The commissioner will in no wise be prejudiced by such course. The prayer of a petition in mandamus proceedings may be amended. 13 Ency. Pl. & Pr. 752; 19 Standard Ency. of Procedure 264. We will therefore permit the petitioner to amend by praying for the issuance of the writ above referred to. When the pe-

tition is so amended, we will then issue a writ awarding the petitioner a 50% disability, the relief to which he is entitled under the facts.

*Writt will issue.* ·