TRACY MARTIN *v.* STATE COMPENSATION COMMISSIONER

(No. 7224)

Submitted January 13, 1932. Decided January 19, 1932.

*England & Ritchie,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

WOODS, JUDGE:

Tracy Martin, who, on December 19, 1928, received injuries to his chest and back due to a slate fall, seeks to have his claim reopened, on the ground that the award made on September 10, 1930, of 25% disability carrying compensation

for 100 weeks and expiring on November 26, 1930, did not contemplate his present condition.

It appears from the record that Martin was carried on a temporary disability rating at the instance of the local doctors, before whom he was required to appear from time to time, until one of their number recommended a 25% disability rating, which was immediately adopted by the commissioner in his award of September 10, 1930. In January, 1931, after payments had ceased, application was made to reopen the case. Claimant was called to Charleston, where he was, for the first time, examined by the department's chief medical examiner. After a consideration of claimant's condition, as revealed by said examination, and an X-ray report, the commissioner informed claimant that, with payments already made, he had been fully compensated, and that his claim stood closed as of date of the last payment. Seven months later claimant, by letter, again importuned the commissioner, enclosing therewith his own affidavit and certain medical evidence to support his claim that he was 100% disabled. Two days later the commissioner answered, stating in his communication that a comparison of the *ex parte* evidence submitted, with the information previously considered, revealed nothing new except the opinion of a doctor that claimant was 100% disabled.

It is claimant's contention that the commisioner, under the evidence before him at the time he declared the 25% award sufficient, could not possibly have taken into account the present extent of claimant's injury, and that the latter, upon present representations is entitled to have the claim reopened.

Does the *ex parte* matter in fact present a new case? If so, claimant is entiled to have his claim reopened. *Bonner* v. *Compensation Commissioner*, 110 W. Va. 38, 156 S. E. 847; *Hall* v. *Compensation Commissioner*, 109 W. Va. 230, 153 S. E. 510.

The report of the chief medical examiner, heretofore referred to, stated that claimant's ribs were causing no difficulty at the time of his examination. The proffered evidence, upon which claimant now relies, is made up of an X-ray re-

port, which states, among other things, that there is an overlapping of one inch at the point of fracture of each of three ribs; a report of an examination by the former chief medical examiner of the department, accompanied by the latter's opinion that the fracture of the ribs caused a deformed chest, which interferes with normal respiration; a report of another doctor to the effect that claimant's pulse does not come down to normal for five minutes after physical exertion of any kind; and the statements of both doctors that, in their opinion, claimant was at the time 100% disabled and unable to perform manual labor of any kind. It also appears from claimant's affidavit, that he is receiving $25.00 every three months from the Prudential Insurance Company of America, said payments under the $1,000 policy with said company being conditioned on total and permanent disability; that he has been examined by six of that company's doctors.

In view of the proffered evidence, we are of opinion that the position of the claimant is well taken, and that he is entitled, under the law, to a further hearing. *Bonner* v. *Compensation Commissioner, supra; Hall* v. *Compensation Commissioner, supra.* It is to meet just such situations as these that the commissioner is given continuing jurisdiction. Code, 23-4-16. The Workmen's Compensation Law is remedial and should be given a liberal construction. *McVey* v. *Telephone Co.,* 103 W. Va. 519, 138 S. E. 97.

Treating the petition as one for mandamus, we direct that claimant be given a hearing under Code, 23-5-1.

*Case remanded with directions.*