FRED SCOTT *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7140)

Submitted January 13, 1932.    Decided January 26, 1932.

*England & Ritchie,* for appelant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

Maxwell, Judge:

On the 20th of October, 1925, Fred Scott, a coal miner, was injured by a fall of slate in a coal mine in Fayette County while in the course of his employment by Cannelton Coal & Coke Company, a subscriber to the Workmen's Compensation Fund. He was first awarded compensation on the basis of twenty per centum partial permanent disability. The rating was later increased to thirty percentum, and again fifty per centum. Payments under the last rating terminated August 27, 1929. Subsequent to said date, claimant asserted his right to compensation on the basis of total permanent disability. The case was reopened and further evidence was taken. Thereafter, by order of August 10, 1931, the commisioner enlarged the rating of disability to sixty-five per centum, the payments representing such increase covering a period of sixty weeks, beginning July 1, 1931, and expiring August 24, 1932. This finding negatives the petitioner's claim to a rating on the basis of total permanent disability.

Peitioner is aggrieved because the commissioner declined to give him a rating of total permanent disability. Objection to the commissioner's finding was promptly made by claimant, and soon thereafter an appeal was awarded by one of the judges of this Court.

The commissioner takes the position that his said last finding does not go to the basis of claimant's right and is not appealable; therefore that it was not encumbent upon the commissioner to grant petitioner a further hearing following the latter's objection to the said last finding. A claimant is entitled to appeal to this Court only with reference to matters which go to the basis of his claim. Code 1931, 23-5-1; *Meeks* v. *Compensation Commissioner*, 108 W. Va. 68, 150 S. E. 230; *Conovas* v. *Commissioner*, 108 W. Va. 397, 151 S. E. 309; *Murasky* v. *Commissioner*, 109 W. Va. 218, 153 S. E. 509; *Enyart* v. *Commissioner*, 109 W. Va. 613, 155 S. E. 913.

Percentages of disability are mere administrative matters of which the commissioner has continuing jurisdiction under Code 1931, 23-4-16; they do not go to the basis of claimant's right to receive compensation from the Workmen's Compensation Fund and therefore are not appealable. Cases *supra*.

In this case the continuing jurisdiction of the commissioner is being exercised, as evidenced by the several orders above mentioned. At the expiration of the period through which compensation will be paid under the enlargement of disability rating of August 10, 1931, such further order can be made by the commissioner as the case may then require.

It appearing under this view that the commissioner's said finding of August 10, 1931, did not involve a matter going to the basis of claimant's right, it follows that a hearing as required by Code 1931, 23-5-1, was properly refused.

We affirm the commissioner.

*Affirmed.*