WALTER C. ASHWORTH *v.* STATE COMPENSATION. COMMISSIONER

(No. 8280)

Submitted January 21, 1936. Decided February 11, 1936.

*J. Howard Hundley* and *W. H. Pettry,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

WOODS, JUDGE:

Walter Ashworth cómplains of an order of the Compensation Commissioner, entered on the 25th day of April, 1935, setting aside an award of 85% permanent (total) disability [Acts 1915, Ch. 9, Sec. 31 (d)] entered November 30, 1917.

The medical report and all other papers and correspondence in connection with the claim up to, and including, the date of the life award, with the exception of two form sheets showing payment of temporary total disability awards and the making of the permanent total award, are missing from the file. The commissioner indicates that same were probably destroyed in the fire which razed the old state capitol building.

It appears that claimant, at request of the commissioner, appeared before the chief medical examiner in September, 1934, for a physical check-up, after which he was advised by the secretary that the commissioner was of opinion to vacate and annul the life award. The employer declined to take any part in the hearing which followed, replying to the commissioner's notices of the

same that whatever action might be taken would be satisfactory.

It appeared on the hearing that claimant was healthy and strong prior to April 4, 1917; that he had for some time prior thereto been employed as a lineman for the West Virginia Water and Electric Company, now the Appalachian Electric Power Company; that on the date aforesaid, and during the course of said employment, he was severely burned about the hands, face, neck, chest; that he was admitted to the St. Francis Hospital for treatment, and remained under the care of Dr. Swint until July 2, 1917, although he was permitted to go home June 2nd; that by reason of the condition of his hands, brought about by the burns, he has been unable to follow his former occupation as lineman; that early in the year 1918 he was employed by the electric company in capacity of assistant line foreman, which position he still holds; that during the past five years he has received from $1800 to $2000 salary, in addition to compensation at the rate of $8.00 per week (the latter being suspended during the present proceedings).

There is medical evidence to the effect that the claimant's hands had been seriously impaired in function; and that he had an impaired sympathetic nervous system. And this is augmented by the testimony of a number of fellow employees, who had worked with him before and after the injury, to the effect that claimant could not use pliers, and other tools, due to loss of grip in his hands; that the scar tissue would break open and bleed when he attempted to aid them with the wire; and that he had lost time, since the injury, due to his nervous condition. The only doctor attempting to determine the present degree of industrial disability was the chief medical examiner, who stated that he would not place it over 25% partial permanent.

After considering the evidence, the commissioner entered the order complained of, which states, among other things, that the former award was thereby set aside "upon a finding of fact that the disability from which the claimant is suffering and has suffered for years is

not equivalent to that *apparently present* at the time the eighty-five per cent award was made, and does not exceed thirty per cent," etc.

The commissioner, in support of his order, argues that it is reasonable to assume that claimant, in view of his present condition, is not now suffering the percentage of disability he did at the time of the making of the life award; and that the burns, noted in Dr. Swint's office record (admitted in evidence in form of a letter, upon agreement of counsel), were admittedly severe and probably had not completely healed when the life award was made, especially in view of the fact that claimant did not return to work with his former employer for several months thereafter.

The claimant, however, insists that in absence of the original record, or a showing that his former physical condition was actually different from the present, it must be assumed that he had, on November 30, 1917, attained a maximum recovery, and that the award of that date was based thereon; and, further, that said award may not now be disturbed, except on an affirmative showing that his present physical condition is a material improvement over that which previously obtained.

This Court has held in numerous cases that the matter of amounts and awards is for the commissioner. *Meeks* v. *Commissioner*, 108 W. Va. 68, 150 S. E. 230; *Murasky* v. *Commissioner*, 109 W. Va. 218, 153 S. E. 509. So, the employer's right of appeal, conferred for the first time by Acts 1929, ch. 71, as that of the claimant, goes only to the compensability of the claim. Had employer's right existed in 1917, he could not have attacked the award as excessive, but only claimant's right to compensation. If, however, at a subsequent time it became apparent that a disability (other than those specifically set out in enumerated subdivisions) had become materially lessened, it would seem that the employer, upon a *prima facie* showing, could require the commissioner to re-open the case for further consideration. As said by this Court, in *Lane* v. *Compensation Commissioner*, 112 W. Va. 205, 207, 164 S. E. 24, 25: "We have repeatedly held, as Code

1931, 23-5-1 provides, that ordinarily an award of the commissioner becomes final after ten days' notice to the interested parties, if not objected to. That holding is subject to this exception: the case may be re-opened after the ten-day period when facts are disclosed which are not cumulative, have not theretofore been considered by the commissioner and present an entirely different situation."

Under our Act, the purpose of which is to compensate the employee for impairment of his physical efficiency, the fact that one, who has been injured, is thereafter employed at the same work, or at the same or higher wages, is not alone controlling on the issue of the percentage of permanent disability suffered by such person. *Johnson* v. *Commissioner*, 109 W. Va. 316, 154 S. E. 766; *Sauvain* v. *Battelle*, 100 Kan. 486, 164 P. 1086; *Standard Oil Co.* v. *Ervin*, 44 Wyo. 88, 8 P. (2d) 447; 2 Schneider Workmen's Compensation Law, 1341.

It is quite apparent from the record before us that a proper showing has not been made for a re-opening of the case, and certainly not such as to warrant the setting aside of the life award.

The action of the commissioner is accordingly reversed and the case remanded for payment in accordance with the order of November 30, 1917.

*Remanded with directions.*