THOMAS A. MICEK, APPELLEE, V. OMAHA STEEL WORKS, APPELLANT.

282 N. W. 262

FILED NOVEMBER 10, 1938. No. 30479.

*Clarence T. Spier* and *Arthur C. Bailey,* for appellant.

*Reeder & Reeder, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is a compensation case, and is presented here as an appeal from a judgment of the district court for Platte county awarding compensation to appellee as being totally and permanently disabled.

The record discloses that on February 14, 1933, appellee Micek was in the employ of appellant, Omaha Steel Works, and was engaged as a common laborer in the construction of a bridge over the Loup river at Columbus, Nebraska. Then and there being in the performance of his duties, and in the course of the regular business of appellant, claimant

Micek accidentally fell from the bridge upon which he was working, and suffered a compression fracture of the first lumbar vertebra, and as a result of this fracture he suffered a traumatic spinal cord lesion resulting in permanent impairment of the nerves leading to the bowels, the sphincter muscles of the rectum and bladder, causing a partial permanent loss of the functions of said organs. Further, owing to the physical condition, due to the weakened and impaired condition of his back and spine, plaintiff has suffered a permanent disability within the meaning of the Nebraska workmen's compensation act.

It appears, without question, that at the time of the accident he was employed as a common laborer, at the rate of 30 cents an hour, and the work on which he was engaged was a federal aid project, and under the limitations of his employment he was limited to 30 hours a week. Under these circumstances, this court has determined that plaintiff's wages must be taken as $9 a week for the purposes of the Nebraska workmen's compensation act. *Drum v. Omaha Steel Works,* 129 Neb. 273, 261 N. W. 351.

It is shown that, prior to accepting employment with the appellant, Micek had been regularly employed by the Union Pacific Railroad Company as a bridge carpenter until shortly before he took this job with appellant, and was paid 68 cents an hour by such railroad company; that his lay-off by the railroad company was temporary and due to the depression; that his duty with the steel works, as also his prior employment by the railroad company, was necessarily made up of work requiring the performance of heavy lifting and hard, manual labor. It fairly appears that this nature and class of work, because of his injuries, is now impossible for him to perform, and that this disability is permanent.

In its judgment of June 6, 1938, the district court found that, by reason of the foregoing, the plaintiff has been totally and permanently disabled from engaging in any sort of common labor similar to that of his employment when injured, and correctly awarded compensation to plaintiff on this basis.

Appellant challenges the correctness of the basis on which this award proceeds. It contends that the unquestioned fact is that since April 1, 1935, plaintiff has been employed as a bartender at a compensation of $17 a week, which is inconsistent with a condition of total and permanent disability.

As a matter of law, this contention cannot be sustained.

"If the employee's physical efficiency has been substantially impaired, the fact that he is employed at the same work, or at the same or higher wages, will not as a general rule disentitle him to compensation, unless it is expressly so provided in the act under which the claim is made." 2 Schneider, Workmen's Compensation Law (2d ed.) 1340, sec. 402.

The annotator in a note to *Woodcock v. Dodge Bros.*, 17 A. L. R. 203 (213 Mich. 233, 181 N. W. 976) states the general rule on this subject in the following language: "The rule appears to be that the mere fact that after the injury the employee receives, or is offered, his former wages, or a larger sum, does not necessarily preclude recovery of compensation under the various workmen's compensation statutes." He cites, as sustaining this principle, authorities from nine state jurisdictions, and also English and Scotch cases.

In the application of this doctrine, in *Epsten v. Hancock-Epsten Co.*, 101 Neb. 442, 163 N. W. 767, Rose, J., says, in part: "For any other partial disability, compensation is to be determined by proof of impairment of earning power. If an employee after his injury receives the same or higher wages than before, ordinarily that would indicate that his earning power had not been impaired. Such evidence, however, would not necessarily be conclusive, since after the injury he might for various reasons receive higher wages, though his earning power had been impaired by the injury." See, also, *Hanley v. Union Stock Yards Co.*, 100 Neb. 232, 158 N. W. 939.

Supporting this conclusion, in principle, are the following cases: *Woodcock v. Dodge Bros.*, 213 Mich. 233, 181

N. W. 976; *London Guarantee & Accident Co. v. Industrial Commission,* 70 Colo. 256, 199 Pac. 962; *Burbage v. Lee,* 87 N. J. Law, 36, 93 Atl. 859; *De Zeng Standard Co. v. Pressey,* 86 N. J. Law, 469, 92 Atl. 278; *Gailey v. Peet Bros. Mfg. Co.,* 98 Kan. 53, 157 Pac. 431; *Sauvain v. Battelle,* 100 Kan. 468, 164 Pac. 1086.

In his present employment as a bartender, plaintiff sells drinks and bottled goods, but does no heavy work. He is employed in a small business which affords him opportunity for resting from time to time. His condition is such that even customary light labor of a continuous nature is an impossibility for him. As summarized in appellee's brief, the requirements for the position now held by Micek may be said to be: "Under our law the dispenser of intoxicants is charged with definite responsibilities. He must be mentally alert and exercise diplomacy and tact. He must be familiar with his merchandise and be skillful in the art of mixing beverages. Above all, he must be honest and reliable in his dealings with his employer's money. He must have a pleasing personality and make an effort to win friends and attract trade."

It is quite obvious that plaintiff's present employment, where the performance of hard, manual labor is excluded by the necessities of the situation, may not be said to be common labor, and plaintiff, as now employed, may not be said to be a common laborer. With his nervous system seriously affected, with his regular weight reduced from approximately 180 to 145 pounds, and a permanent condition in his spine and back which has continued now for three years preventing the performance of common labor or the work of a railway bridge carpenter, or work of a similar nature or character, and the permanent continuance of which is fairly established by the evidence, it is obvious that Micek is entitled to a full award of compensation to the extent of disability which he has sustained. In this connection the term here employed—"disability"—has been aptly defined in these words: The term "disability" is not restricted to such disability as impairs present earning

power at the particular occupation, but embraces any loss of physical function which detracts from the former efficiency of the body or its members, in the ordinary pursuits of life. *Burbage v. Lee,* 87 N. J. Law, 36, 93 Atl. 859. Notwithstanding the receipt of wages by claimant, we are quite of the opinion that, under the facts established by this record, plaintiff is entitled to an award for permanent total disability as made and entered by the trial court. *Ludwickson v. Central States Electric Co., ante,* p. 371, 281 N. W. 603; *Wilson v. Brown-McDonald Co.,* 134 Neb. 211, 278 N. W. 254. However, we also find that the sum of $48 taxed against appellant by the district court is excessive to the extent of $36, and is so conceded by appellee. This fact necessarily precludes the allowance in this court of an attorney fee for plaintiff.

The judgment of the district court is, therefore, modified to the extent of reducing the decree entered in the sum of $36, and, as thus modified, is, in all things, affirmed.

AFFIRMED AS MODIFIED.