EDWARD KAMENSKY

*v.*

STATE COMPENSATION COMMISSIONER, AND
THE NEW RIVER COMPANY

(No. 12291)

Submitted January 14, 1964.   Decided February 11, 1964.

*R. L. Theibert,* for appellant.

*Mahan, Higgins, Thrift & Graney, Patrick C. Graney, Jr.,* for appellee.

BERRY, JUDGE:

This is an appeal by the claimant, Edward Kamensky, from an order of the Workmen's Compensation Appeal

Board dated July 12, 1963, which reversed an order of the State Compensation Commissioner [now Director] dated April 10, 1963, allowing claimant 74½ percent permanent partial disability and in lieu thereof granted a 78 percent permanent partial disability. Upon petition to this Court, an appeal was granted on November 12, 1963, and the case was submitted on arguments and briefs at the January, 1964 term of this Court.

The claimant was severely injured about the head, face, eyes and thoracic and lumbar spine on March 14, 1957, as a result of a slate fall which occurred while he was working in The New River Company mine at Mt. Hope, West Virginia, all of which caused considerable disability to the back, displacement of the right maxilla, facial disfigurement and defective vision. His claim for compensation was held compensable by the Commissioner on April 15, 1957, and after being referred by the Commissioner to doctors for medical examinations he was awarded a 58 percent permanent partial disability on May 7, 1958.

The claimant had only a seventh grade education and his only employment had been as a manual laborer in the mines. After being off from work for about three months, he returned to work for The New River Company doing light work as a boom operator, which only required him to manipulate push buttons. After working at this light work for a period of approximately fifteen months, he was laid off in a general work force reduction by his employer, and has not been employed in any kind of work since that time.

Following this lay-off, he made an application for unemployment compensation and was awarded full benefits. On October 31, 1961, an application was filed on behalf of the petitioner, with supporting medical reports attached thereto, requesting that his claim be re-opened on the grounds of progression and aggravation of his injuries. The Commissioner re-opened the claim on the strength of a report of Dr. H. M. Hills, Jr. to whom the claimant had been originally referred by the Commis-

sioner. In this report Dr. Hills stated that the claimant's back condition had worsened from his first examination in the amount of six percent, and also that he had developed bilateral inguinal herniae which apparently had their inception at the time of the injury. The claimant was referred by the Commissioner to Dr. Russell Kessel who did not recommend any increase of disability; and on November 30, 1961, the Commissioner found that the claimant had been fully compensated for the injury received on March 14, 1957, to which ruling the claimant protested. Several hearings were had thereafter, wherein medical reports and testimony of physicians who had examined the claimant were given. Doctors C. W. Stallard, Harry F. Cooper and George F. Fordham, who examined the claimant at his request, filed reports and testified that he was totally disabled from an overall standpoint due to the injuries to his back, head, eyes and face. Dr. Stallard stated that he could not pass a physical examination for employment; that he was 100 percent disabled. Dr. Cooper said in his report that he knew of no job the claimant could do. It was Dr. Fordham's opinion that he was not only totally disabled, but that his facial disfigurement prevented him from working with the public.

Dr. M. M. Ralsten examined the claimant at the request of the employer and he stated that the claimant had a 75 percent loss of function of the back, resulting in a 45 percent permanent partial disability.

Dr. J. E. Blaydes, Sr., an eye, ear, nose and throat specialist, also examined the claimant, and in a written report dated June 20, 1962, which was filed and made a part of the record without objection at a hearing held on August 1, 1962, stated that the left eye which was injured in the accident was sunken below the level of the right eye, and that there was diplopia in all directions; that in his opinion, because of this diplopia, the claimant would be a menace in the mines to himself and to his fellowmen; that he should receive the full award for the loss of an eye due to the fact that it was necessary to keep one eye covered or closed in order to avoid double vision. He also found on his examination that the claimant had a 3.75 per-

cent permanent partial disability of the right ear and a 4.5 percent permanent partial disability of the left ear. The information contained in Dr. Blaydes' report was neither disputed nor contested after protest was filed by the claimant and hearings had thereon.

From a review of the entire record of this case, we are of the opinion that the order of the Workmen's Compensation Appeal Board dated July 12, 1963, which awarded the claimant only 78 percent permanent partial disability, is plainly wrong and therefore should be reversed. *Manning* v. *State Comp. Comm'r.,* 124 W. Va. 620, 22 S. E. 2d 299; *Miller* v. *State Comp. Comm'r,* 130 W. Va. 771, 45 S. E. 2d 249; *Walk* v. *State Compensation Comr. and Hutchinson Coal Co.,* 134 W. Va. 223, 58 S. E. 2d 791; *Flynn* v. *Compensation Comm'r.,* 141 W. Va. 445, 91 S. E. 2d 156.

The evidence presented in this case discloses that the claimant has suffered both loss of earning power and physical disability as a result of the injuries he received on March 14, 1957, while in the course of and as a result of his employment with The New River Company, which injuries would render him totally disabled under the law made and provided in such cases, and the decisions of this Court pertaining thereto. Code, 23-4-6, as amended; *Johnson* v. *State Comp. Com.,* 109 W. Va. 316, 154 S. E. 766; *Ashworth* v. *State Compensation Com'r.,* 117 W. Va. 73, 183 S. E. 912; *McDaniel* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 596, 601, 191 S. E. 362; *Manning* v. *State Comp. Comm'r., supra.*

The claimant's right to permanent total disability rating cannot be defeated merely because he fortuitously returned to work after he was injured and received the same wages. *Johnson* v. *State Comp. Com., supra; Ashworth* v. *State Compensation Com'r., supra.* The evidence in the instant case is uncontradicted that the facial disfigurement alone would impair his chances or opportunities in obtaining future employment once he had become unemployed again in a general lay-off as happened here. This was not taken into consideration by either the Compensation Commissioner or the Appeal Board in their orders awarding him permanent partial

disability in this case. Such condition should be considered together with other facts in a case of this nature in determining loss of earning power, one of the objects of the Workmen's Compensation statute. 58 Am. Jur., Workmen's Compensation, Section 274; *McDaniel* v. *Appeal Board, supra; Walk* v. *State Compensation Comr. and Hutchinson Coal Co., supra.*

The physical disabilities suffered by the claimant as a result of the injury in question also indicate that he is totally and permanently disabled and a permanent total disability rating should be given to him on this basis. *Walk* v. *State Compensation Comr. and Hutchinson Coal Co., supra.*

Not only should the claimant be awarded permanent total disability on the basis indicated above, but the Appeal Board, as indicated in its opinion, apparently did not consider all of the various percentages of functional disabilities to the different parts of the claimant's body as shown in the record. The decision of the Appeal Board states that Dr. Blaydes was of the opinion that claimant had 4.5 percent permanent partial disability to his ears. However, Dr. Blaydes' report shows that he was of the opinion that claimant had a total of 8.25 percent for the ears, as previously explained herein. In addition, Dr. Blaydes stated that claimant had a total loss of effectiveness of the left eye, not referred to in the Board's opinion, but which, if expressed in percentage of permanent partial disability under the statute, would give him 33 percent. Code, 23-4-6, as amended. Dr. Ralsten, who examined the claimant at the request of the employer, and whose report is contained in the record, states that he had a 45 percent permanent partial disability to his back alone.

If the percentages of such disabilities clearly indicate that they total 85 percent, or more, the claimant would also be entitled to permanent total disability award on this basis. Code, 23-4-6, as amended.

For the reasons stated herein, the order of the Workmen's Compensation Appeal Board of July 12, 1963, is re-

versed and the case is remanded to the Appeal Board with directions to grant to the claimant an award of permanent total disability.

*Reversed and remanded.*