INDUSTRIAL COMMISION v MOUNJOY

Ohio Appeals, 5th Dist, Stark Co
No 1060. Decided Feb. 6, 1930

Gilbert Bettman, Cincinnati, R. Zurmehly, Lima, J. M. Aungst, Canton, for Commission.

Randolph Walton, Columbus, for Mounjoy.

MIDDLETON, J (4th Dist) sitting in place of HOUCK, J (5th Dist)

LEMERT, J.

From an examination of the record in this case, it would seem that the first complaint is based upon a mere naked conclusion. Whether the decedent in this case suffered a blister on his foot, and what produced that blister, was a matter of fact in the instant case and was put squarely up to the Jury. If the decedent

suffered a blister on his foot because of having to walk over rough ground, in the course of his employment, there could be no question but what that would be an injury within the meaning of the Workmen's Compensation Law, just as much as a sun-stroke or a heat-stroke, in such cases the Courts having found and held the same to be compensable injuries. We believe that rough ground is a hazard of employment, just as much as temperature or any other similar condition of employment, and from an examination of the record in the case, we are inclined to and do believe that the Jury was right in finding as they did on this proposition.

On the second contention of plaintiff-in-error, that there is no evidence in the record disclosing that the blisters were received in Stark County, Ohio, we note that the record discloses, by the testimony of Fred W. Elliott, who was decedent's superior, that on the afternoon of April 7th, the decedent left for Canton, Ohio, stayed there over night, and the next day, on the morning of April 8th, that he superintended the work at Canton, and this was the last trip he made, and that Mr. Elliott further testifies that after decedent's return from Canton, he reported to him Saturday morning, April 9th, relative to his trip to Canton, Ohio.

It is further contended on the part of plaintiff-in-error that the testimony of Mr. Elliott was incompetent as to what decedent told him. It is the practice or one of the rules of the Industrial Commission to require claimants to obtain the certificate of his or her employer to applications for compensation. We believe that it is sound reasoning to hold that the statement of an injured workman made to his employer or his superior at the first opportunity after the injury should be regarded as competent evidence in cases arising under the Workmen's Compensation Law.

However, regardless of the testimony of Mr. Elliott, the record discloses the testimony of decedent's widow, Ada M. Mounjoy, who testified as to the condition of decedent's foot on April 8th and 9th and until the time of his death. That this testimony is proper and competent has been well decided in a Muskingum County case, to-wit: **Van Allen vs Industrial Commission**, wherein it was held that statements of a deceased workman, made upon the day of his injury, may be proved as a part of res gesta, **26 O. N. P. N. S. 179.**

There was some question made in the instant case as to whether or not the injury sustained by decedent to his foot was before the 8th day of April, 1927. As to this matter of conflicting evidence, we note that the Supreme Court of Ohio in **118 OS., 167,** say that

(Here follows quotation)

**30 Ohio Appeals, 456,** the Court say:

(Here follows quotation)

In **119 OS., 594,** the same being an Industrial Commission case, the Supreme Court of Ohio held:

(Here follows quotation)

**25 Ohio Appeals, 319,** holds that

(Here follows quotation)

A careful examination of the record in this case discloses that there was sufficient evidence to warrant the Jury in finding that the injury complained of in the instant case was received at the Armory site in Canton, Ohio, as claimed by the defendant-in-error.

Therefore, we find that there is no reversible error in this case and that the finding and verdict of the Jury was right and it therefore follows that the finding and judgment of the Court below will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J. and Middleton, J., concur.