In the Matter of the Claim of the COMMISSIONER OF TAXES AND FINANCE OF THE STATE OF NEW YORK, Respondent, for Compensation, etc., Arising Out of the Death of AGNES NORTHROP, Deceased Employee, against UNION TRUST COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

PER CURIAM. On August 4, 1929, Agnes Northrup died from septicemia following an illness which began in May and had various complications. It has been found that she left her surviving no person entitled to compensation under the Workmen's ·Compensation Law, and an award of $1,000 was made to certain State Special Funds pursuant to subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law (as respectively amd. by Laws of 1927,

chap. 493, and Laws of 1926, chap. 261; subd. 9 since amd. by Laws of 1930, chap. 183).

The decedent was employed by the Union Trust Company of Rochester as charwoman, and had charge of cleaning the fifth floor of the bank building. It is claimed that she injured her finger in cleaning a cuspidor at some time during the latter part of May — no one being able to fix the date; and that infection of some kind entered into the finger at about that time. The employee was called as a witness before the Board on July 29, 1929. It is evident that she was very ill at that time and it was difficult for her to collect her thoughts. However, she seemed to understand the nature of the proceedings and what was required. The following questions were asked and answered: " Q. What did you do in the office? A. Just cleaned it all and dusted. Q. And when you hurt your finger, what happened? A. Well, I was hurt. * * * Q. What were you doing when you were hurt? A. My finger — I was cleaning a cuspidor. * * * Q. After you hurt your finger, as you claim, on the cuspidor, did it bleed? A. No. Q. And you kept on working for how long? A. I still kept on working for about three weeks, I think. * * * Q. What kind of a cuspidor was this? A. Was a regular cuspidor. Q. One of these brass ones? A. I was just under it — kind of a twinge. Q. You mean you were cleaning cuspidors? A. Yes, after I got all done polishing it. Q. Well, did it scratch it or did the blood come? Did you see any blood or scratch or cut on your finger? A. No. Just twinged funny."

We have no evidence of an injury identified at any time furnishing " port of entry " for infection. The possibilities in daily life for slight injuries and subsequent infection are so frequent that at best it is difficult to identify any particular time where slight injuries are caused and infection follows as a natural consequence, Where the evidence is clear that infection follows a known injury. awards for compensation have been affirmed. (See cases decided without opinion, collected in Special Bulletin by the Department of Labor, No. 161, pp. 58, 59; Id. No. 162, pp. 72–82.) This case is similar to that of *Matter of Hazell* v. *Syracuse Memorial Hospital* (222 App. Div. 704), decided without formal opinion. In that case the housekeeper at the hospital lost the use of forty-five per cent of her right hand by infection, but the time and nature of the injury could not be identified. The claim was remitted and the claimant gave further evidence to the effect that in the course of her duties, and shortly before the infection occurred, she had pricked her finger with a needle so that it bled. The causal connection between the injury and the following disability was thereby

established. The award to her of compensation was affirmed (225 App. Div. 840).

In this case there were no witnesses except the injured employee, now deceased. It will be impossible to produce other evidence on the subject of causation.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.