## INDUST COMM v EDWARDSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2292. Decided March 24, 1933

John W. Bricker, Attorney General, Columbus, Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. E. Bowman, Asst. Prosecuting Attorney, Columbus, for plaintiff in error.

Cowan, Adams & Adams, Columbus, for defendant in error.

BARNES, J.

The sole question for determination is whether or not there was an injury growing out of his employment of such a character as to be compensable.

· Counsel for defendant in error in their brief cite the case of **Industrial Commission v Mounjoy, 36 Oh Ap, 476, (8 Abs 134)**, in which action the Court of Appeals of Stark County decided:

"Foot blisters, sustained by walking over rough ground in course of employment, **held** compensable injury within Workmen's Compensation Law (§1465-37 et seq, GC)."

· Motion to certify was overruled by the Supreme Court.

A first impression might indicate that the reported case was on all fours with the instant case, but a more careful examination would readily indicate distinguishable features.

In the Stark County case, supra, the record discloses that the ground of the site was very rough because of rubbish, automobile parts, refuse, tin cans, etc., having been dumped thereon, and that it was a part of the duties of the claimant's employment to walk over this site.

In the instant case there was no unusual situation. Nothing different than walking over any other smooth surface at any time or place. The provisions of the Compensation Act

"with reference to an injury received in the course of employment refer only to an injury which is the result of or arises out of the employment. Such provisions do not cover any injury which has its cause outside of and disconnected with the employment although the employee may at the time have been engaged in the work of his employer in the usual way." **Fassig v State ex, 95 Oh St, 232.**

Applying this principle to the instant case, we are unable to determine that the blister on the defendant Edwardson's foot was the result of or arose out of the employment, even though the employee was at the time engaged in the work of his employer.

The fact that it was an extremely warm day was not occasioned through anything connected with his employment. It was a general weather condition. Nothing to indicate that it was any warmer in the store than at any other location in the city. That the blister came on his foot from walking is fairly inferable, but there was nothing in the condition in the store whereby it could be said that it was the result of or arose out of his employment. It might just as readily have happened through walking on the sidewalk or any other place. Supporting our conclusion we make reference to the case of Industrial Commission of Ohio v Mary Franken, decided in the Supreme Court March 1st, 1933; also The Industrial Commission of Ohio v John A. Middleton, decided by the Supreme Court of Ohio, March 1st, 1933.

The judgment, orders and findings of the lower court will be reversed. The demurrer to the evidence should have been sustained. Rendering the judgment the court below should have rendered, judgment will be entered against the plaintiff below, George Edwardson, at his costs. Entry will be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.