In the Matter of the Claim of SIMON C. NIELSEN, Respondent, against FIREMAN'S FUND INDEMNITY COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1933.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *John R. O'Hanlon, Assistant Attorneys-General,* of counsel], for the respondents.

RHODES, J. Upon sufficient supporting evidence the Board has found that claimant was employed as an investigator by the appellant-employer; that while engaged in the regular course of his employment he became disabled due to an infected right toe and lymphangitis, resulting from the breaking of a blister on the right toe, which blister resulted from the nature of his employment which required excessive walking from place to place and was a process involving the continuous rubbing of his foot and shoe.

The Board further found that the disease from which claimant

was suffering was an occupational disease and was due to the nature of his employment.

Upon these facts compensation has been awarded.

The appeal presents the question whether claimant's disability was caused by an occupational disease within the intendment of the statute. The pertinent sections are in part as follows:

" § 38. Disablement treated as accident. The disablement of an employee resulting from an occupational disease described in subdivision two of section three shall be treated as the happening of an accident within the meaning of this chapter * * *.

" § 39. Right to compensation. If an employee is disabled * * * and his disability * * * is caused by one of the diseases mentioned in subdivision two of section three, and the disease is due to the nature of the corresponding employment as described in such subdivision in which such employee was engaged and was contracted therein * * * he * * * shall be entitled to compensation * * * for the duration of his disablement * * *."

" § 47. Presumption as to the cause of disease. If the employee, at or immediately before the date of disablement, was employed in any process mentioned in the second column of the schedule of diseases in subdivision two of section three, and his disease is the disease in the first column of such schedule set opposite the description of the process, the disease presumptively shall be deemed to have been due to the nature of that employment."

Paragraph 25 of subdivision 2 of section 3, in the first column thereof, relates to disability arising from blisters or abrasions caused, as described in paragraph 25 of the second column thereof, by any process involving continuous friction, rubbing or vibration causing blisters or abrasions.

While it is true that the terms of the statute are broad enough to embrace continuous friction and rubbing caused by a shoe in walking, this is not the intent of the law. " Process," as employed in the statute, denotes broadly the use and handling of implements and materials in industry, by the laborer in the performance of his task and by the artisan in the exercise of his skill in fabrication and craftsmanship. With respect to occupational diseases, the statute covers only those caused by special enumerated hazards to which the employee is peculiarly subjected; it does not provide compensation for disease resulting from the general hazards and risks common to every individual regardless of the nature of his employment.

The conclusion must follow that the rubbing of claimant's shoe on his foot, involving continuous friction, was not an industrial

process and his disability was, therefore, not the result of an occupational disease within the purview of the act.

The award should, therefore, be reversed, but as the Board has not passed upon the question as to whether claimant sustained an industrial accident (which question we do not decide as it is not now presented), the proceeding is remitted to the Board for such further action as it may deem proper, with costs to the appellants to abide the event. (See *Scoville* v. *Tolhurst Machine Works*, 231 N. Y. 510; *Matter of Plass* v. *C. N. E. R. Co.*, 226 id. 449; *Horrigan* v. *Post-Standard Co.*, 224 id. 620; *Matter of Commissioner of Taxes* v. *Union Trust Co.*, 230 App. Div. 550, 551.)

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur; McNAMEE, J., concurs in the reversal and votes to dismiss the claim.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.