JOHN MOORE *v.* WORKMEN'S COMPENSATION APPEAL BOARD

(No. 8573)

Submitted April 13, 1937. Decided May 4, 1937.

*Fitzpatrick, Brown & Davis* and *C. W. Strickling,* for appellant.

*H. D. Rollins* and *Perry & Perry,* for respondent John Moore.

KENNA, PRESIDENT:

On September 6, 1935, John Moore, while working in a ditch for the American Car & Foundry Company and wearing a rubber boot, rubbed a blister on his left leg a little above the ankle. The next morning he reported at the company's first aid station where he continued to report every few days for about a month. During the second month after the injury, he called several times at a doctor's office for treatment and finally was confined to his bed, thereafter being hospitalized. Claimant continued to receive treatment until the 9th of January. The Commissioner declined to award compensation and upon appeal to the Workmen's Compensation Appeal Board compensation was allowed. This appeal was granted on the question of whether the claimant's in-

jury resulted from his employment. There can be no doubt, of course, but that it occurred in the course of his employment.

The claimant seems to have been regularly engaged at various sorts of common labor at the plant of the employer. At the time of getting the blister on his left leg he was working in a very muddy ditch, and was wearing rubber boots, which he had been ordered by his foreman to wear on account of the nature of the work that he was to be engaged in. The boots were of ordinary knee length, and it does not appear from the record whether claimant had ever worn them before or whether they were bought new for this particular work. There seems to be no question but that the rubbing of these boots in the course of claimant's work in digging the ditch caused the blister for which the claimant first reported for treatment. A few days after claimant reported for treatment an ulcerated condition developed on his leg slightly above the point where the blister had been rubbed and this steadily grew worse until in the course of several weeks it was necessary for the claimant to go to the hospital and submit to lancing of his leg. The claimant was under treatment for approximately four months before the difficulty finally cleared up.

From the order of the Compensation Appeal Board, the employer prosecutes this appeal, taking the position that the claimant's disability did not result from the employment but that it was brought about entirely from a varicose condition of the left leg, and that there was no relation between the injury and the work that claimant was doing. Counsel for the employer argue that the ulcerated condition did not have its origin in the blister, and hence did not result from the claimant's employment. A more serious question, granting that there may be causal connection between the blister and the ulcerated condition of claimant's leg, is whether the boot, which the foreman instructed the claimant to wear but which was furnished by the claimant himself, was ordinary apparel such as would bear no relationship to the claimant's work or was apparel in the nature of

special equipment such as would show a direct connection with the claimant's work. Both of these questions will be dealt with after a preliminary question involving procedure, raised by employer's counsel, is disposed of.

Counsel for the employer urges that the Workmen's Compensation Appeal Board should not be considered a fact-finding tribunal, at least in so far as cases are concerned wherein the Appeal Board reviews nothing but the record made before the Compensation Commissioner, as distinguished from those cases in which the Compensation Appeal Board orders further proof. We feel that there is no basis for this argument. The Appeal Board may order further proof in any case that it considers, and its own method of treating an appeal, whether it be heard solely upon the record made before the Commissioner or upon that record supplemented by proof which the Board orders, cannot be made to determine the nature of the Appeal Board's jurisdiction.

But it is further urged that in any event the Workmen's Compensation Appeal Board is an appellate, and not a fact-finding, tribunal within the meaning of the act creating it, and that the case of *Rasmus* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 55, 184 S. E. 250, wherein this court held to the contrary is unsound. The criticism of the *Rasmus* case is based upon the supposed unsoundness of the analogy it draws between the effect of the act relating to procedure before the Workmen's Compensation Appeal Board (Code, Amend. 1935, 23-5-3) and the statute (Code 53-3-3) relating to procedure by certiorari in circuit courts to review the action of inferior tribunals. It is urged that the language of the former statute is not comparable to the language of the latter, and to illustrate this, it is argued that if the power conferred upon the Workmen's Compensation Appeal Board by the latter statute to "enter such order or make such award as the Commissioner should have made," is to be considered as defining the functions of a fact-finding tribunal, then the language of Code 58-5-25, by which this court is empowered, upon review, to "enter such judgment, decree or order as the

court whose error is sought to be corrected ought to have entered" constitutes this court also a fact-finding tribunal. The broad and easily apparent difference is that whereas the statute creating the Workmen's Compensation Appeal Board is definitive of its jurisdiction, the provisions of Code 58-5-25 are but regulatory of the pre-existing jurisdiction of this court. The unsoundness of counsel's contention, we think, is further illustrated by the fact that the Workmen's Compensation Appeal Board is empowered "to *make such award* as the Commissioner should have made." The making of awards in compensation cases has been held uniformly in this state to be an administrative function, and one the exercise of which will not be disturbed as to the percentage of disability upon appeal to this court. *Saunders* v. *Compensation Commissioner,* 112 W. Va. 212, 164 S. E. 39; *Jones* v. *Compensation Commissioner,* 112 W. Va. 473, 164 S. E. 661. These considerations and certain other provisions of the Act creating the Workmen's Compensation Appeal Board which it is not thought necessary to discuss impel us to reaffirm the *Rasmus* case in this respect.

As to whether the blister that was rubbed by the boot upon the claimant's leg in turn caused the ulcer which became the principal cause of disability the medical testimony is in conflict. The existence of a weakened condition of the veins in the leg would not be conclusive upon this question, since the blister might nevertheless have been an active and materially contributing cause of the ulcer. *Caldwell* v. *Compensation Commissioner,* 106 W. Va. 14, 144 S. E. 658; *Lockhart* v. *Compensation Commissioner,* 115 W. Va. 144, 174 S. E. 780. We, therefore, are of the opinion that the finding of the Workmen's Compensation Appeal Board is not to be reversed as clearly wrong upon this phase of the case.

As to whether the rubbing of the blister upon the claimant's leg by the boot that he was instructed by his employer to wear can be said to have resulted from the claimant's employment, we have been able to discover very little authority. In the case of *Industrial Commission of Ohio* v. *Mounjoy,* 36 Ohio App. 476, 173 N. E. 263,

the Court of Appeals of Ohio sustained an award of compensation in a death case wherein it was shown that the claimant had died from an infected blister upon his foot caused by the necessity of his walking over extremely rough ground in the course of his employment. In this case there was no showing that his employment required him to use any particular kind of footwear, as there is here, and on the other hand, there was a showing that his employment required him to walk over particularly rough ground, which is absent from this case, unless it can be inferred from the fact that in this case the claimant's employment required him to work in a ditch that he was digging. In the *Mounjoy* case the court reasoned upon the facts there was an analogy to the "heat prostration cases" which are based upon the theory that heat prostration due to a specific event is a compensable injury provided that it is shown that the claimant's employment subjected him to the danger of heat prostration to a greater degree than persons in general were subjected to in the same community and at the same time. In *Huntley* v. *Oregon State Industrial Accident Commission,* 138 Ore. 184, 6 P. (2d) 209, the Supreme Court of Oregon reached the same conclusion upon a similar state of facts. In that case the court found that there was a causal connection between the difficult walking that the claimant's employment required him to do and the resultant abrasion upon his heel. In the course of the opinion, the court commented that it was not of moment that the case did not show that the claimant was required by his employment to wear any particular kind of shoes, indicating that such a showing would have been material to the claimant's case in the absence of a showing as to the unusually rough walking his work required him to do. In *Nielsen* v. *Fireman's Fund Indemnity Co.,* 239 App. Div. 239, 268 N. Y. Supp. 189, the Appellate Division of the New York Supreme Court held that the rubbing of a blister upon a claimant's foot in the course of walking while in his employment was neither an "industrial process" nor an industrial disease and denied compensation. In this case, there does not

seem to have been present a showing of either unusually rough walking or that the employment required a particular kind of footwear. The case was remanded to be further proceeded in and upon appeal from a second award the same court, in a *per curiam* note, affirmed the finding that awarded compensation. *Nielsen* v. *Fireman's Fund Indemnity Co.*, 243 App. Div. 665, 276 N. Y. Supp. 1009. These are the only cases that we have been able to find which involve the question of whether a blister caused by footwear constitutes a compensable injury, and it will be observed that in each of them the award of compensation was approved.

In this case there is proof that justifies the conclusion that the blister upon the claimant's leg was caused by a particular kind of footwear necessitated by the work he was engaged in and ordered by his employer to be used. Furthermore, there is at least the basis for an inference that the work the plaintiff was engaged in at the time the blister was worn upon his leg necessitated his walking upon unusually difficult ground. These matters of fact have been found by the Workmen's Compensation Appeal Board in favor of the claimant. Viewing the matter most favorably to the claimant and with that liberality of application of the Workmen's Compensation Act enjoined upon us by our former decisions, we are of the opinion to affirm the finding of the Appeal Board.

Of course, this decision is not intended as a precedent that would justify an award of compensation due to the effect of usual and ordinary apparel which might cause injury in the course of an employment. Injury caused by unusual apparel, unnecessarily worn, will not afford basis for compensation. We think that this case involves the use of extraordinary apparel necessitated by the nature of the claimant's work, and this seems to have been the attitude of the employer in ordering him to report for work equipped with rubber boots.

*Affirmed.*