DICK SZALAY *v.* STATE COMPENSATION COMMISSIONER *et al.*

.(No. 9686)

Submitted January 30, 1945. Decided February 27, 1945.

*Strother & Christie,* for appellant.
*Patrick J. Flanagan,* for appellee.

RILEY, JUDGE:

New River and Pocahontas Consolidated Coal Company appeals from an order of the Workmen's Compensation Appeal Board, which set aside an order of the commissioner denying claimant, Dick Szalay, compensation for an inguinal hernia on the ground that it was not sustained in the course of and resulting from claimant's employment.

The record discloses that claimant had an inguinal hernia which was successfully reduced by an operation on January 7, 1944, at Welch Emergency Hospital, at Welch, West Virginia. The sole issue before us is whether the requirements of Code, 23-4-7, have been met. The statute reads, in part, as follows:

"In all claims for compensation for hernia resulting from personal injury received in the course of and resulting from the employee's employment, it must be definitely proven to the satisfaction of the commissioner: First, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia immediately followed an injury; fifth, that the hernia did not exist prior to the injury for which compensation is claimed. * * *."

The claim is based largely upon claimant's own testimony, together with that of his wife and one Potter, a coal loader. Claimant is a coal loader, fifty-two years of age, speaks broken English, and has been in the company's employ for several years. According to the record, the injury, if any, was suffered on Thursday, December 2, 1943, though claimant repeatedly referred to December 4 as the date. Evidently, claimant thought December 4, 1943, was on Thursday, and this resulted in his confusion as to the date of his alleged injury.

Claimant testified that after cleaning his place, he started at the direction of the mine foreman to lay track; that about one o'clock in the afternoon, while pulling a thirty-foot steel rail from the adjoining room into the

place where he was working, he felt a little pain in his right side; that he continued in spite of the pain until the track was completed about two o'clock; and that the pain became more severe as he walked home. When he bathed that evening, he testified he noticed a swelling about the size of a silver dollar, which he at the time called to his wife's attention. According to claimant's wife, he reported having "hurt his side", and that "there was some little knots came out on his side", and that she told him they were "kernels and would disappear". She also testified that he had never complained of that condition prior to that time.

Claimant remained at home on Friday and Saturday, December 3 and 4, and returned to work on the 6th. At that time, or a few days later, according to the employer's evidence, he complained to the assistant mine foreman that his side was hurting and was advised to see a physician. On December 17, he stopped work because of a cold, and on December 20 a physician who had been called to his home to minister to his wife, examined him and advised him that he had a hernia, and should report as soon as he was recovered from his cold to have it corrected. According to the record, he so reported.

Claimant was given a routine examination by the company physician during the latter part of October, 1943, and found to be "O. K." P. P. Kerr, employer's general superintendent, filed a statement with the commissioner in which he stated that "No existing hernia" was disclosed in any examination when claimant was employed or later. The hernia was reduced by operation on January 7, 1944, by Dr. J. S. Hutchinson of the Welch Emergency Hospital. Dr. Hutchinson testified that he had examined claimant on the day before the operation and found "an inguinal hernia, right", which, in view of conditions revealed by operation, was "apparently of recent origin." A hospital report, bearing date January 19, 1944, signed by A. M. Tiernan, M. D., under the head of "Operative Findings", shows: "* * * No adhesions present"; and Dr. Hutchinson in a report concerning the pathological findings and or-

gans explored during the course of the operation reported: "No adhesions present which would indicate that the hernia was of recent origin."

From the foregoing, we are of opinion that claimant has established that he had no hernia preexisting December 2, 1943, the day he claims he was injured.

According to claimant there was no trackman present in his part of the mine on the date of his injury, thus making it necessary for his moving the thirty-foot rail above referred to. Potter corroborates him in this. Although Potter cannot fix the date, his testimony is to the effect that he had been required on different occasions to build his own track. He recalls the use of a "bender" by both him and claimant on a certain day when due to the absence of the trackman he was told to lay his own track. This occasion claimant identifies as the day of his injury.

Testimony adduced on behalf of the employer is to the effect that the trackmen usually laid the tracks, and that the trackman was present the last week in November and all through December; that there were only two thirty-foot rails in Room 6, the place from which claimant said he removed the rail, and that these were removed by motor prior to time of alleged injury, and, further, that there was not enough room for the laying of a thirty-foot rail at the place contended for by claimant. Employer claims that there is no basis for the injury alleged, and also that claimant never reported the injury, as required.

From a reading of the record, it is apparent that the claimant, although feeling pain, did not understand it to be such a "hurt" or accident, as should be reported. He apparently went no further in speaking to the mine foreman than that his right side pained. After the physician, who first examined him, pronounced the swelling a hernia, he seems to have acted promptly in submitting himself for an operation. Since he seemingly did not know that he should report the experience of the 2nd of December and the appearance of the "kernel" or mass in his right groin, naturally a mental note as to time and circumstances was not made; and the fact that the loaders had to build their

own track and pull rails would not necessarily impress him as to a particular time. In these circumstances, claimant should not be precluded by his failure to report his injury to the mine foreman within twenty-four hours as required by Rule 12 of the company rules "for every person employed", even if the employer had the right to promulgate such a rule, a question which we do not decide.

The appeal board decided in claimant's favor the conflict in the evidence centered around the question whether there was a thirty-foot steel rail in Room 6, and whether claimant had driven far enough into the coal to permit the laying of a thirty-foot rail. The evidence, in our opinion, is sufficient to justify the finding of fact by the board in claimant's favor. This Court has held that "The Workmen's Compensation Appeal Board is a fact-finding body, and its rulings on questions of fact will not be set aside by this Court unless they appear to be clearly wrong." Pt. 1 syl., *Burgess* v. *State Compensation Commissioner*, 121 W. Va. 571, 5 S. E. 2d 804. In view of the conflict in the evidence and the established fact that claimant had a hernia "apparently of recent origin", which according to claimant's substantially undisputed testimony appeared suddenly, the Court cannot say that the appeal board was clearly wrong in setting aside the order of the commissioner and awarding compensation to claimant. "The board is in no wise bound by the findings of fact by the commissioner, but itself becomes a fact-finding tribunal, with authority to enter such order or make such award as the commissioner should, in its opinion, have entered or made upon the proof before him." *Rasmus* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 55, 184 S. E. 250; *Moore* v. *Workmen's Compensation Appeal Board*, 118 W. Va. 578, 191 S. E. 292.

The order of the appeal board is affirmed.

*Affirmed.*