JOURNAL ENTRY and OPINION
{¶ 1} The sole issue in this workers' compensation case is whether an ulcerated blister, caused by the rubbing of a boot selected and worn by the employee during the course of employment, and approved for safety purposes by the employer, constitutes a compensable injury under Ohio's workers' compensation scheme.
 {¶ 2} The facts are undisputed. Defendant Sherwood Food Distributors hired claimant Robert Anderson as a porter. Sherwood required Anderson to wear heavy-duty work boots, but did not tell him which brand of boot to wear. It did insist upon approving the choice of footwear for safety purposes. Within a matter of weeks, the diabetic Anderson noticed a discoloration and blister on his big toe. Even though he did not experience any pain, his doctor later told him that his work boot was defective because it rubbed against the toe. The doctor said that the defective boot was the cause of the blister. Anderson then filed this workers' compensation claim, seeking compensation for his medical treatment. The court granted Sherwood's motion for summary judgment, finding that "when an employer requires an employee to wear boots of the employee's choosing, for the sole purpose of protecting the employee against the risks and hazards incident to the employee's duties, the employee cannot recover under the workers' compensation act for injuries caused by the boots."
 {¶ 3} In order to qualify for workers' compensation, Anderson has to show that he suffered an injury "in the course of, and arising out of, his employment." R.C. 4123.01(C). Ordinarily, this would be a question of fact. Pilar v. Ohio Bureau ofWorkers' Compensation (1992), 82 Ohio App.3d 819. Here, the facts are undisputed, thus we may review the court's determination de novo.
 {¶ 4} We find that while Anderson suffered the blister in the course of employment, there is no evidence to show that it developed in the scope of employment. The "scope of employment" has been defined as limiting:
 {¶ 5} "[c]ompensable injuries to those sustained by an employee while performing a required duty in the employer's service. * * * `To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer.' * * * An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." Ruckman v. CubbyDrilling, Inc., 81 Ohio St.3d 117, 120, 1998-Ohio-455.
 {¶ 6} Anderson did not receive his injury while in the performance of an activity that was logically related to Sherwood's business. He suffered an injury caused by a defective boot of his own choosing. To be sure, he had to wear the boot as a condition of his employment and subject to Sherwood's approval, but his employment did not cause the blister — his defective boot did.
 {¶ 7} We are aware of cases relating to diabetics developing blisters. The common thread in these, like all workers' compensation cases, is whether the injury arose in the course and scope of employment. For example, in Indus. Comm. v. Mounjoy
(1930), 36 Ohio App. 476, the claimant suffered a blister on his foot while walking over rough ground at a construction site. The blister became infected and the claimant died. A jury awarded the widow benefits. The court of appeals held that the cause of the blister, whether by shoes or by work conditions, was a matter which the jury decided in the claimant's favor. Therefore, the court upheld the verdict on grounds that the claimant had to traverse the rough terrain of a construction site as part of his job duties — something that yielded a tangible benefit to his employer and thus fell within the course of employment.
 {¶ 8} There was no evidence that conditions peculiar to the job site contributed to Anderson's injury, as in the Mounjoy
case. Here, Anderson simply had to wear boots of his own choosing, subject to approval for safety purposes by Sherwood. Nothing particular to the Sherwood workplace contributed to the injury.
 {¶ 9} We are aware that our workers' compensation statute is no-fault. We are also aware that Anderson wore his boots as a condition of his employment. Nevertheless, the statute requires a nexus between the injury and employment as a predicate to compensation; hence the requirement that an injury arise in the course of and scope of employment. Anderson may have been required to work as a condition of employment, but there is no evidence to show that his purchase of a defective boot had anything whatsoever to do with the actual functioning of his job.
 {¶ 10} To illustrate this point, suppose that a restaurant required a server to wear a white shirt of the employee's choosing as part of a mandatory uniform. If the employee chose a shirt that fit too snugly in the neck and caused chaffing, there could be no argument that the chaffing caused by the shirt had anything to do with the actual performance of the job. The shirt may have been required as a condition of employment, but the injury itself did not arise out of something related to the job — the shirt was simply too tight. All that could be proven in this example is that the employee moved about on the job — something all persons presumably do without specific reference to the job itself.
 {¶ 11} Anderson's claim in this case is no different from our example. The no-fault aspect of our workers' compensation law does not extend to claims that are wholly unrelated to the performance of job duties. We therefore find that the court did not err by granting summary judgment because Anderson was not, as a matter of law, entitled to compensation for his injury.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., concurs.
 Blackmon, J., dissents with separate opinion.
 DISSENTING OPINION