375 S.E.2d 579

### VALLEY CAMP COAL COMPANY

v.

### Nelson ROBINSON, Commissioner, Workers' Compensation Fund, and Ralph E. Bloomfield.

#### No. 18476.

Supreme Court of Appeals of West Virginia.

Nov. 21, 1988.

---

Jennifer L. Sargus, Rita G. Kerstetter, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Wheeling, for appellant.

Henry Haslebacher, Legal Div., WCC, George McLaughlin, Wheeling, for appellees.

PER CURIAM:

The petitioner, Valley Camp Coal Company, seeks a writ of mandamus to compel the Workers' Compensation Commissioner to enter an order charging the petitioner only for the compensation attributable to a second injury. We hereby grant the writ.

The current mandamus proceeding is the result of a prior order issued by this Court, *Bloomfield v. WCC*, No. 17730 (Dec. 17, 1987). Bloomfield, a former employee of Valley Camp Coal, injured his lower lumbar region in 1971 and received a 21% permanent partial disability (PPD) award. He returned to work for Valley Camp Coal until 1980 when he suffered another lower lumbar injury that required a laminectomy. The Commissioner awarded the claimant 5% PPD based on the evaluation of orthopedist, Dr. Robert Wilson. The Appeal Board affirmed.

Bloomfield appealed the 5% award for the 1980 injury and sought a permanent total disability (PTD) award, payable from the second injury reserve fund.

In reviewing the medical evidence, this Court noted that the claimant's treating orthopedic surgeon, Dr. Edgar Barrett found 30% orthopedic impairment "due exclusively to the claimant's 1980 injury." The Court further noted the testimony of both the claimant and Dr. Barrett concerning the claimant's inability to return to his former work. In fact, the Court noted that the claimant had not worked regularly since 1981. Finally, the Court considered

that due to the claimant's age, low range of intelligence and lack of education, he had been previously rated a "fair" vocational risk.

The Court then held that the Commissioner failed to liberally construe Bloomfield's evidence of total disability under syllabus point 2 of *Cardwell v. SWCC*, 171 W.Va. 700, 301 S.E.2d 790 (1983). Even though "no doctor stated that the claimant was permanently and totally disabled as a result of his back injuries," this Court ordered the case remanded "for entry of a PTD award in accordance with the evidence." *Posey v. SWCC*, 157 W.Va. 285, 201 S.E.2d 102 (1973); *Kamensky v. SWCC*, 148 W.Va. 258, 134 S.E.2d 582 (1964).

Within a month of this Court's order, the petitioner, Valley Camp Coal, filed a petition for rehearing, asking the Court to address whether the PTD award was payable from the second injury reserve.

■ Prior to this Court's ruling on the petition for rehearing (which was denied February 2, 1988), the Commissioner issued an order on January 28, 1988. First the Commissioner found the claimant entitled to a PTD award "based upon the combined effects of his two compensable injuries." He then increased the previous 5% PPD award for the second, 1980 injury to 60% PPD, thereby charging the employer 60% of the PTD award. The Commissioner's order does not explain the basis for the increase from 5% to 60% PPD. The evidence currently before the Court indicates that the only medical recommendations were those of 5% impairment by Dr. Wilson and 30% impairment by the treating physician, Dr. Barrett.[1] The petitioner now seeks a writ of mandamus to compel the

Commissioner to properly charge the employer under the second injury statute.

'Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; (3) the absence of another adequate remedy at law.' Syllabus Point 3, *Cooper v. Gwinn*, [171] W.Va. [245], 298 S.E.2d 781 (1981).

Syl. pt. 1, *Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625 (1983).

The petitioner does not contest the Commissioner's discretionary authority in determining whether a PTD award is due solely to one injury or, in this case, two. However, the petitioner contends that once the Commissioner has determined that the PTD award is due to the combined effect of two or more injuries, the Commissioner must charge the employer only for the compensation attributable to the second injury pursuant to *W.Va.Code*, 23-3-1 [1984].[2]

In this Court's previous order, we noted that the treating physician recommended 30% PPD attributed solely to the 1980 injury. He further stated that Bloomfield could not work. The treating physician did not say whether the claimant's inability to work was due solely to the 1980 injury or the combined effect of the 1972 and 1980 injuries. Recognizing that this determination was better left with the Commissioner, this Court remanded the case to the Commissioner; however, in doing so the Court suggested that when the evidence was properly, liberally construed, it appeared as though the claimant was entitled to a PTD award under *Posey* and *Cardwell*.

■ The Commissioner chose to award the claimant a PTD award under the sec-

---

1. The petitioner, Valley Camp Coal, asserts that sometime during the pendency of Bloomfield's appeal to this Court for a PTD award, his 1980 5% PPD award was reopened and the award was increased to 10% PPD. This Court has not been provided the medical evidence concerning this increase. *See* Rule 14(f) *W.Va.R.App.P.* Further, the January 28, 1988 Commissioner's

order makes no reference to any increase in the 5% award.

2. *W.Va.Code*, 23-3-1 [1984] reads: "If an employee ... becomes permanently and totally disabled through the combined effect of [a] previous injury and a second injury ... the employer shall be chargeable only for the compensation payable for such second injury."

ond injury statute. He then arbitrarily increased the amount of the award for the 1980 injury from 5% to 60% PPD.[3] The evidence in this claim is strikingly similar to *Posey,* which this Court relied upon in remanding the claim. Like *Posey,* the claimant is totally disabled due to the combined effect of two injuries, as well as various negative vocational factors. In *Posey,* the treating physician recommended a percentage of wholeman impairment for a second injury which was not inherently unreliable. When this impairment rating was considered in light of Posey's negative vocational factors, and his previous injury, this Court applied *Code,* 23–3–1 and awarded the claimant a PTD award payable from the second injury reserve fund, charging the employer the impairment rating recommended by the treating physician.

Dr. Barrett recommended 30% PPD for the claimant's second, 1980 injury, which this Court previously noted was not properly, liberally construed. Therefore, based on his recommendation, the 1980 injury resulted in 30% wholeman impairment. The Commissioner has previously found that based on the combined effect of the two injuries, as well as the various vocational factors, Bloomfield is totally disabled. Therefore, the employer "shall be chargeable only for the compensation payable for such second injury," 30% of the award. *Code,* 23–3–1.

■ Based upon the foregoing, we grant a writ of mandamus ordering the Workers' Compensation Commissioner to comply with the provisions of *Code,* 23–3–1 and *Posey, supra,* by charging the employer

with 30% of the previously granted PTD award.[4]

WRIT GRANTED.

---

3. The order reveals no reasoning for the increase. Nor does the Commissioner's brief. At oral argument, the Commissioner contended that this assessment was based on a determination by the Commissioner that the claimant was 10% orthopedically disabled and 50% disabled under the *Posey, Cardwell* factors. *See Javins v. SWCC,* 173 W.Va. 747, 760, 320 S.E.2d 119, 132 (1984). (The Appeal Board has a duty to clearly state its findings in its orders).

4. Since the petitioner has not alleged wilful disregard of the law, his request for attorney's fees

is denied. Syl. pt. 8, *Meadows v. Lewis,* 172 W.Va. 457, 307 S.E.2d 625 (1983).

The respondent's contention that mandamus is inappropriate as the petitioner is currently in the administrative appellant process is not meritorious, as the petitioner has alleged that the process is not equally as beneficial, convenient, or effective as this mandamus proceeding, since the respondent would, in essence, be adjudicating his own actions. Syl. pt. 2, *Allen v. State Human Rights Commission,* 174 W.Va. 139, 324 S.E.2d 99 (1984); syl. pt. 2, *Meadows, supra.*